1  Stephen G. Recordon (SBN 91401)
   Sgrecordon@aol.com
2  **Recordon & Recordon**
3  225 Broadway, Suite 1900
   San Diego, CA 92101
4  Telephone: (619) 232-1717

5
   Clinton Rooney (SBN 221628)
6  rooneycdi@gmail.com
7  **Rooney & Lickel**
   1102 Cesar E Chavez Parkway
8  San Diego, CA 92113
   Telephone: (619) 573-9547
9

10 Robert L. Hyde, Esq. (SBN: 227183)
11 bob@westcoastlitigation.com
   Joshua B. Swigart, Esq. (SBN: 225557)
12 josh@westcoastlitigation.com
13 **Hyde & Swigart**
   411 Camino Del Rio South, Suite 301
14 San Diego, CA 92108-3551
15 Telephone:  (619) 233-7770

FILED

2010 JUN 10  PM 1:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

16         **UNITED STATES DISTRICT COURT**
17          **SOUTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19 **Edward Gates, on behalf of himself and all others similarly situated;** | '10 CV 1244 BEN     WMc<br><br>Case Number: _____<br><br>**CLASS ACTION**<br><br>**Complaint For Damages**<br><br>1) **Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")**<br>2) **California's Rosenthal Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act")**<br><br>**Jury Trial Demanded** |
| 20 | |
| 21 | |
| 22          Plaintiffs, <br>v. | |
| 23 | |
| 24 **Asset Acceptance, LLC;** | |
| 25          Defendant. | |
| 26 | |
| 27 | |
| 28 | |

**HYDE & SWIGART**
San Diego, California

## INTRODUCTION

1. Edward Gates, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Asset Acceptance, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. At all times herein mentioned, Defendants were the agents, servants, and/or employees of their co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of said agency, authority, and employment.

6. For the purpose of this Complaint, the phrase "charged off" means moving an alleged delinquent account from a creditor's accounts receivable accounting ledger to its bad debt accounting ledger so as to allow said creditor to incur a a loss against income or accounts receivable for tax or other purposes.

7. For the purpose of this Complaint, the phrase "charge off date" means the date GE Money Bank, or any other creditor that subsequently assigned, placed, or otherwise transferred to Defendant Asset for collection, "charged off" a debt.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

Class Action Complaint                           - 2 of 11 -

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendant does business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

12. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

13. Defendant ("Asset") is a limited liability company, organized under the laws of Delaware.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

HYDE & SWIGART
San Diego, California

18.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTS COMMON TO ALL CLAIMS

19.  Sometime before August 31, 2009, Plaintiff is alleged to have incurred certain financial obligations with GE Money Bank.

20.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22.  On or about August 20, 2006, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  For the purposes of this Complaint this date is referred to as the "default date."

23.  As of this default date, GE Money Bank claimed that the alleged debt owed by Defendant was $2,885.00.

24.  Subsequently, but before August 31, 2009, GE Money Bank charged off the alleged debt, which GE Money Bank claimed at that time was $3,291.00, thereby charging contractual interest in the amount of $406.00.

25.  Subsequently, but before August 31, 2009, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant Asset for collection.

26.  On August 31, 2009, Defendant Asset filed a Complaint in the Superior Court of California for the County of San Diego against Plaintiff Gates claiming a

**HYDE & SWIGART**
San Diego, California

1    debt based on theories of Open Book Account, Account Stated, Goods, Wares

2    and Merchandise and Money Lent.

3    27.   The case number of the above August 31, 2009 Complaint was

4          37-2009-00069393-CL-CL-EC.  A true and correct copy of this August 31,

5          2009 Complaint is attached as Exhibit A.

6    28.   Defendant Asset falsely claimed at paragraphs 10 and CC-4 of the above

7          August 31, 2009 Complaint that Asset was entitled to prejudgment interest

8          from August 20, 2006 on the principal amount of $3,291.45 when, in fact, this

9          was not the principal amount.  Consequently, Defendant Asset was collecting

10         an amount when such amount that was not expressly authorized by the

11         agreement creating the debt or permitted by law.

12   29.   By alleging in the Complaint that it was entitled to prejudgment interest,

13         Defendant Asset violated 15 U.S.C. § 1692f and f(1).

14   30.   Through this conduct, Defendant used a false, deceptive, or misleading

15         representation or means in connection with the collection of a debt.

16         Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. §

17         1692e(10), as well as Cal. Civ. Code § 1788.17.

18   31.   Defendant Asset claimed this right as an assignee of GE Money Bank when,

19         in fact Asset was not an assignee of the alleged debt.

20   32.   Through this conduct, Defendant used a false, deceptive, or misleading

21         representation or means in connection with the collection of a debt.

22         Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. §

23         1692e(10), as well as Cal. Civ. Code § 1788.17.

24   33.   Plaintiff Gates then requested that Defendant Asset provide a copy of the

25         account alleged in the above August 31, 2009 Complaint.

26   34.   Defendant Asset subsequently produced a series of credit card statements

27         ("Statements") bearing the names of GE Money Bank and Plaintiff Gates.

28

HYDE & SWIGART
San Diego, California

35.  These Statements revealed that on August 20, 2006, the outstanding balance on Plaintiff Gates' account was not $3,291.45, but rather was $2,885.03.

36.  These Statements revealed that GE Money Bank claimed a balance of $3,291.45 not on August 20, 2006, but rather on March 5, 2007.

37.  These statements revealed that GE Money Bank imposed on Plaintiff Gates contractual interest charges of $455.71 and late fees of $245.00 during the period from August 20, 2006 and March 5, 2007.

38.  By claiming a right in the August 31, 2009 Complaint to pre-judgment interest on the amount of $3,291.45 from August 20, 2006 to the present, Defendant Asset falsely claimed a right to pre-judgment interest on an amount already including contractual interest charges for the same period.

39.  By claiming a right to both recover amounts charged as contractual interest and to recover prejudgment interest during the same period of August 20, 2006 to March 5, 2007, Defendant Asset misrepresented the amount of a debt, and attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

40.  Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. §§ 1692f and 1692f(1), as well as Cal. Civ. Code § 1788.17.

41.  Because of this illegal activity by Defendant Asset, Defendant Asset has received tens of thousands of dollars from California consumers that it was otherwise not entitled to

### CLASS ACTION ALLEGATIONS

42.  Plaintiffs define "Class One" as (i) all persons that are "consumers" as that term is defined by 15 U.S.C. § 1692a(3); (ii) that were sued by Defendant Asset; (iii) in any California Superior Court; (iv) within one year prior to the

HYDE & SWIGART
San Diego, California

filing of this action; (v) for alleged financial obligations allegedly owed at one time to GE Money Bank, or any other creditor that subsequently that subsequently assigned, placed, or otherwise transferred to Defendant Asset for collection; (vi) where said obligations were primarily for personal, family or household purposes; and (vii) where Defendant Asset sought in its action against said consumer interest not owed.

43. Plaintiffs define "Class Two" as (i) all persons that are "consumers" as that term is defined by California Civil Code § 1788.2(b); (ii) that were sued by Defendant Asset; (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for alleged financial obligations allegedly owed at one time to GE Money Bank, or any other creditor that subsequently that subsequently assigned, placed, or otherwise transferred to Defendant Asset for collection; (vi) where said obligations were primarily for personal, family or household purposes; and (vii) where Defendant Asset sought in its action against said consumer interest not owed.

44. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of the Original Complaint.

45. For purposes of the Second Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of the Original Complaint.

46. The representative Plaintiff faithfully represents, and is a member of, Class One and Class Two.

47. Class One is composed of thousands of persons, the joinder of which would be impractical.

48. Class Two is composed of thousands of persons, the joinder of which would be impractical.

49. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

HYDE & SWIGART
San Diego, California

50. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class One.

51. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class Two.

52. The questions of law and fact common to Class One and Class Two predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   (a) Whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;

   (b) Whether Defendants violated California's Rosenthal Act, Cal. Civ. Code §§ 1788 et seq.;

   (c) Whether Class One is entitled to the remedies available to Plaintiff under the FDCPA;

   (d) Whether Class Two is entitled to the remedies available to Plaintiff in California's Rosenthal Act;

   (e) Whether Class One is entitled to declaratory relief;

   (f) Whether Class One is entitled to injunctive relief;

   (g) Whether Class Two is entitled to declaratory relief;

   (h) Whether Class Two is entitled to injunctive relief;

   (i) Whether Class One is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

   (j) Whether Class Two is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to California's Rosenthal Act;

   (k) Whether Class One is entitled to any other remedies; and

   (l) Whether Class Two is entitled to any other remedies.

53. Plaintiff will fairly and adequately protect the interests of both classes.

54. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

HYDE & SWIGART
San Diego, California

55. Plaintiff's claims are typical of the claims of both classes, which all arise from the same operative facts involving unlawful collection practices.

56. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with Federal and State Law.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under California's Rosenthal Act.  Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

57. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

58. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

61. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

**HYDE & SWIGART**
San Diego, California

1  reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

2  Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

62.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63.  The foregoing acts and omissions constitute numerous and multiple violations of California's Rosenthal Act, including but not limited to each and every one of the above-cited provisions of California's Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

64.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

**HYDE & SWIGART**
San Diego, California

Class Action Complaint                        - 10 of 11 -

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: June 9, 2010                      By: _____

Stephen G. Recordon
Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014483
Cashier ID: kdelabar
Transaction Date: 06/10/2010
Payer Name: RECORDON, RECORDON
-----------------------------------
CIVIL FILING FEE
 For: GATES V ASSET
 Case/Party: D-CAS-3-10-CV-001244-001
 Amount:       $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 10165
 Amt Tendered:  $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Edward Gates, on behalf of himself and all others similarly situated

**DEFENDANTS**

Asset Acceptance, LLC

FILED
2010 JUN 10  PM 1: 58

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY) DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Stephen G. Recordon, Recordon & Recordon, 225 Broadway, Ste. 1900, San Diego, CA 92101, (619) 232-1717

Attorneys (If Known)

'10 CV 1 2 4 4 BEN   WMc

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
06/09/2010

SIGNATURE OF ATTORNEY OF RECORD
Stephen G. Recordon

**FOR OFFICE USE ONLY**

RECEIPT # 14483   AMOUNT $350   APPLYING IFP 6/10/10   JUDGE _____   MAG. JUDGE _____