FILED
11 JUL 26 AM 8:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GATES, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>Defendant. | CASE NO. 10-cv-1244 BEN (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket No. 23] |

Currently before the Court is Defendant Asset Acceptance, LLC's Motion for Summary Judgment (Docket No. 23). For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff Edward Gates is a resident of San Diego, California. (Compl. ¶ 12.) Gates opened an account with GE Money Bank on October 18, 2005. (Proctor Decl. ¶ 4.) The last payment was posted to this account on August 20, 2006. (*Id.*) On March 25, 2008, GE Money Bank sold a portfolio of charged-off credit card accounts to Asset Acceptance, LLC, "a purchaser and collector of delinquent consumer accounts." (*Id.* ¶ 2, Ex. A.) This portfolio included Gates' account. (*Id.*) When GE Money Bank charged off the account on March 6, 2007, it had an outstanding balance of $3,291.45 and an annual interest rate of 26.99%. (*Id.* ¶ 4; Ray Decl. ¶ 6, Ex B.)

On August 31, 2009, Asset filed an action in the San Diego County Superior Court against

Gates (*Asset Acceptance, LLC v. Gates*, Case No. 37-2009-00069393-CL-CL-EC).[1] (Pl. Opp. [Docket No. 24], Ex. A.) The state court complaint alleged that Gates owed Asset a debt based on the theories of open book account; account stated; goods, wares, and merchandise sold and delivered; and money lent. (*Id.* Ex. A, at 5.) In the complaint, Asset prayed for prejudgment interest of 5% on a principal amount of $3,291.45, beginning on August 20, 2006. (*Id.*) If later awarded, this would have amounted to $680.38 in prejudgment interest. (Ray Decl. ¶ 10.)

Asset acknowledges that praying for interest beginning on August 20, 2006, rather than March 6, 2007, was a typographical error:

> It was my intent to pray for an award of prejudgment interest on the charge-off balance (*i.e.*, $3,291.45), and to seek interest from the date of charge-off until judgment is entered (*i.e.*, from March 6, 2007 forward). Instead, due to an inadvertent error, the prayer sought interest on the charge-off balance from an earlier date—the date of last payment (*i.e.*, from August 20, 2006 forward).

(*Id.* ¶ 7.) On May 17, 2010, five months before the beginning of the state court trial, Asset sent a letter to Gates "request[ing] that [Gates] . . . enter into a Stipulation to an amendment of the Complaint in this action . . . changing the date from which pre-judgment interest is being requested from 8/20/06 to 3/6/07." (Pl. Opp. [Docket No. 24], Ex. D, at 4.)

The state court case proceeded to trial in October 2010. At trial, Asset established that it purchased the Gates account from GE Money Bank. (Ray Decl. Ex. C, at 74–79, 103–17, Ex. D.) Asset also moved to amend the pleadings to conform to proof, in order to amend the prayer to request interest at a rate of 26.99% on $3,291.45 from March 6, 2007 forward. (*Id.* Ex. C, at 125–29.) After all evidence was admitted, the state court granted Asset's motion for leave to amend the pleadings, and entered judgment in favor of Asset for $7,079.61, which consisted of a principal of $3,291.45, interest of $3,188.16, and attorneys' fees of $600. (*Id.* Ex. C, at 129–30.)

---

[1] In support of its Motion, Asset requests that the Court take judicial notice of (1) the complaint filed in *Asset Acceptance v. Gates*, San Diego County Superior Court, Case No. 37-2009-00069393-CL-CL-EC, and (2) the judgment entered in *Asset Acceptance v. Gates*, San Diego County Superior Court, Case No. 37-2009-00069393-CL-CL-EC. The Court **GRANTS** the request for judicial notice, but only for purposes of noticing the existence of the San Diego County Superior Court lawsuit and the claims made therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

Gates filed this action on June 10, 2010. Gates alleges that Asset was not an assignee of the debt. Gates also alleges that by claiming a right in the state court complaint to prejudgment interest on $3,291.45 from August 20, 2006 to March 5, 2007, Asset "falsely claimed a right to pre-judgment interest on an amount already including contractual interest charges for the same period." (Compl. ¶ 38.) The Complaint asserts two claims against Asset: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; and (2) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.32.

Presently before the Court is Asset's Motion for Summary Judgment, seeking summary judgment against all claims in the Complaint. Both parties having fully briefed this Motion, the Court took the Motion under submission without oral argument, pursuant to Local Civil Rule 7.1.d.

**DISCUSSION**

Summary judgment must be granted where the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the defendant is the moving party, the defendant must show that a cause of action has no merit by putting forth evidence that either one or more elements of the cause of action cannot be established or that a complete defense exists thereto. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Asset seeks summary judgment against all claims in the Complaint.[2] Each will be addressed in turn.

I.  **VIOLATION OF §§ 1692E AND 1692E(10) OF THE FDCPA, AND § 1788.17 OF THE ROSENTHAL ACT**

In the Complaint, Gates alleges that Asset falsely claimed in the state court complaint that it was an assignee of the account, in violation of §§ 1692e and 1692e(10) of the FDCPA, and § 1788.17 of the Rosenthal Act. (Compl. ¶¶ 31, 32.) Asset argues that the doctrine of collateral estoppel prevents Gates from litigating this issue, as the state court previously found that Asset had standing to sue Gates because it owned the account. Gates concedes that the issue of ownership "is resolved

---

[2] Asset objects to the admissibility of Gates's Explanatory Chart (Pl. Opp. [Docket No. 24], Ex. B). As the Court did not rely on the chart in deciding this Motion, Asset's objection is overruled as moot.

and ownership of the debt is not part of these class action allegations. The issue was mentioned in the Complaint only as background information." (Pl. Opp. [Docket No. 25], at 3.) Accordingly, Asset's motion for summary judgment against Gates is **GRANTED** in regards to this claim.

## II.    VIOLATION OF §§ 1692F AND 1692F(1) OF THE FDCPA, AND § 1788.17 OF THE ROSENTHAL ACT

The Complaint asserts that Asset "misrepresented the amount of a debt, and attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law," violating §§ 1692f and 1692f(1) of the FDCPA, as well as § 1788.17 of the Rosenthal Act. (Compl. ¶¶ 39, 40.)

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Such "unfair or unconscionable means" include "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Section 1788.17 of the Rosenthal Act states, "[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

Only a collector's *material* false or misleading statements are actionable under § 1692f of the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).[3] Material statements are "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response," as opposed to "mere technical falsehoods that mislead no one." *Id.* at 1034. In *Donohue v. Quick Collect, Inc.*, the Ninth Circuit held that the state court complaint at issue did not violate the FDCPA because it "sought recovery of sums to which Quick Collect was clearly and lawfully entitled," even though it incorrectly labeled the $32.89 amount sought as 12% interest on principal, rather than correctly labeling it as finance charges imposed by the creditor and post-

---

[3] Gates argues that *Donohue* stands solely for proposition that a determination whether conduct violates §§ 1692e or 1692f requires an objective analysis. Although *Donohue* does stand for this proposition, it also held that "*non-material* representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Donohue*, 592 F.3d at 1033 (emphasis added).

1  assignment interest. *Id.* at 1033.

2  Asset admits that it made a "typographical error" when it prayed for prejudgment interest from
3  August 20, 2006 forward, rather than from March 6, 2007 forward. (Ray Decl. ¶ 7.) Nevertheless,
4  Asset argues that it did not make a *material* misstatement in the state court complaint because (1) "the
5  typographical error in Asset's collection complaint . . . was only requesting interest at a rate of 5%, a
6  much lower rate than Asset was entitled to, as reflected by the state court's recent judgment," and (2)
7  "Gates cannot show how this allegedly false statement would have caused a debtor to act differently
8  or would have limiting [sic] the consumer's ability to make an intelligent choice in response." (Def.
9  Mot. at 12.)

10  The state court complaint was incorrect in that it charged Gates prejudgment interest beginning
11  on August 20, 2006, rather than March 6, 2007. It accurately stated, however, that the principal on
12  which Gates owed this prejudgment interest was $3,291.45. In addition, the state court complaint
13  sought less prejudgment interest than the amount Asset was entitled to. At the end of trial, the state
14  court found that Gates owed $3,188.16 in interest, rather than the $680.38 that Asset prayed for. Like
15  the complaint at issue in *Donohue*, the state court complaint here accurately stated the principal owed.
16  Also like the complaint in *Donohue*, the state court complaint here "sought recovery of sums to which
17  [Defendant] was clearly and lawfully entitled." *Donohue*, 592 F.3d at 1033.

18  First, Gates argues that *Donohue* is inapposite because the state court complaint at issue here
19  sought an incorrect rate of interest. Although the state court complaint sought an incorrect rate of
20  interest, it sought less interest than the amount owed. Such a misstatement is not material. *See Lane
21  v. Gordon*, 2011 WL 488901, at *1 (D. Or. Feb. 7, 2011)[4] (finding that the defendant did not make a
22  material misstatement of the amount owed when the "Defendant simply sought less in the complaint
23  than the full amount due and owing").

24  Second, Gates argues that the misstatement was material because there was a different course
25  of action Gates might have taken if not misled:

26
27  [W]hile there were settlement discussions, the case never settled, in large part because

28
---
[4] Gates also argues that *Lane* cites *Donohue* solely for proposition that the FDCPA is a strict liability statute. Although *Lane* does cite *Donohue* for this proposition, it also discusses when a technically incorrect statement is immaterial. *See Lane*, 2011 WL 488901, at *1.

Asset continued to demand a settlement amount equal to the inflated figure, and Gates refused to pay such an inflated figure. In settlement discussions Asset refused to accept any settlement other than the full amount, which included the interest not owed. If Gates had actually been told the *true* figure in dispute, a more palatable settlement might have been presented or negotiated, and this case may well have settled with no trial necessary.

(Pl. Opp. [Docket No. 25], at 8.)[5]

This argument is unconvincing. There is no evidence that the parties engaged in settlement discussions or exchanged demands and offers. In support of his argument, Gates submits only a copy of a letter from his counsel asking Asset's counsel to "advise me of any settlement offer [Asset] may have," and a letter from Asset's counsel in response, stating that "there will be no settlement of this action that involves anything other than Mr. Gates' payment on the debt at issue. If Mr. Gates has an offer to make in that regard, please let me know." (Pl. Opp. [Docket No. 24], Ex. D, at 3, 5.) The parties did not discuss any specific amounts for possible settlement. In addition, Gates himself does not submit a declaration explaining the effect that the misstatement had on him, or how his ability to assess the risks and rewards of proceeding to trial was impacted. Gates has failed to create a genuine issue of material fact.

Third, Gates argues that Asset has the burden of establishing that the misstatement was immaterial. Gates cites *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, 91 (2008), for the proposition that "[t]he burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits." *Meacham*, however, does not address the FDCPA. In addition, "materiality is an ordinary element of any federal claim based on a false or misleading statement." *Donohue*, 592 F.3d at 1033 (discussing the FDCPA).

Accordingly, Asset did not make a material misstatement in the state court complaint. As this issue is dispositive, the parties' other arguments will not be addressed. Asset's motion for summary judgment is **GRANTED** in regards to this claim.

///

///

---

[5] Gates also argues that "Asset repeatedly confuses the issue of materiality with the amount of actual damages sustained by Gates, but they are not the same." (Pl. Opp. [Docket No. 25], at 8.) Asset, however, did not argue that Gates must sustain actual damages, but that the misstatement must be material in order to establish a violation of the FDCPA.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Docket No. 23) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: July 25, 2011

HON. ROGER T. BENITEZ
United States District Court Judge